# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Benjamin Mario Soto,

       Plaintiff,

v.

University of Minnesota (U of M)'s Mechanical
Engineering Graduate Admissions Office;
University of Minnesota Graduate Admissions
Office *et al (U of M)*; U of M Equal Opportunity
& Title IX Compliance Office *et al*; Joe Borer-
Bell, *Senior Associate (Deputy) of U of M Equal
Opportunity & Title IX Compliance Office*;
Equal Opportunity & title IX Compliance Office
*et al*; College of Science and Engineering
Dean's Office *et al.*; Peter Bruggeman, *Director
of University of Minnesota (U of M)'s
Mechanical Engineering Graduate Admissions
Office*; John K. Gardner, *Graduate Program
Manager of University of Minnesota (U of M)'s
Mechanical Engineering Graduate Admissions
Office*; Suhasa Kodandaramaiah, *Graduate
Program Manager University of Minnesota (U
of M)'s Mechanical Engineering Graduate
Admissions Office*; Tina Marisam, *Director of
Equal Opportunity & Title IX Compliance
Office*; Dean's Office of the College of Science
& Engineering; Andrew G. Akkeyne, *Dean of
Dean's Office of the College of Science &
Engineering*,

       Defendants.

Civ. No. 25-758 (JWB/JFD)

**ORDER DENYING
PENDING MOTIONS AND
RESTRICTING FURTHER
FILINGS**

---

      Plaintiff Benjamin Mario Soto has four pending motions in this closed matter.

(Doc. Nos. 39, 43, 45, 55.) Each seeks to revisit issues already decided. For the reasons

that follow, all motions are denied.

## BACKGROUND

On December 3, 2025, judgment was entered dismissing Soto's Amended Complaint without prejudice. The dismissal order concluded that sovereign immunity barred certain claims, that Soto had not alleged a protected property interest, that he had not pleaded facts supporting intentional discrimination under 42 U.S.C. § 1983 or Title VI, and that supplemental jurisdiction would not be exercised over his remaining state-law claim. (Doc. No. 26.)

Soto subsequently moved for reconsideration. That motion was denied because Soto failed to identify newly discovered evidence, manifest errors of law or fact, or other circumstances warranting reconsideration. (Doc. No. 32.)

Soto also appealed. (Doc. No. 29.) While his appeal was pending, he continued to file additional motions. (Doc. Nos. 39, 43, 45.) On April 21, 2026, the Eighth Circuit affirmed the judgment, and the mandate issued on June 1, 2026. (Doc. Nos. 53, 54.) Shortly thereafter, Soto filed another motion seeking rehearing. (Doc. No. 55.)

## DISCUSSION

Regardless of their titles, Soto's pending motions raise variations of arguments that have already been presented and rejected. Among other things, Soto continues to argue that discriminatory intent is unnecessary to state his federal discrimination claims, that he possesses a constitutional property interest implicated by alleged nepotism in the university admissions process, and that his constitutional theories have not been adequately addressed.

None of those arguments supports relief from judgment.

Motions for reconsideration serve a limited purpose. They permit correction of manifest errors of law or fact and consideration of newly discovered evidence. See *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). They are not vehicles for rearguing matters previously decided or advancing theories that could have been raised earlier.

Soto identifies no newly discovered evidence. Nor does he identify any intervening change in controlling law. Most important, he identifies no manifest error in either the dismissal order or the order denying reconsideration. Instead, the motions largely restate arguments that have already been considered and rejected.

The procedural posture of this case further underscores the absence of any basis for relief. Judgment has been entered. Reconsideration has been denied. The Court of Appeals has affirmed the judgment, and the mandate has issued. Soto's disagreement with those rulings does not provide grounds for reopening the case.

The remaining issue is whether restrictions on future filings are warranted. Federal courts possess inherent authority to manage their dockets and to protect judicial resources from repetitive and frivolous filings. *See* 28 U.S.C. § 1651; *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (recognizing that federal courts have the discretion to impose reasonable restrictions on litigants who abuse the judicial process).

Since entry of judgment, Soto has repeatedly filed motions seeking reconsideration of matters that have already been resolved. He continued to do so even while his appeal was pending and after the Court of Appeals affirmed the judgment. The

filings do not raise new issues or identify any cognizable basis for post-judgment relief. Instead, they require repeated expenditure of judicial resources to address arguments that have already been rejected.

Under these circumstances, a narrowly tailored filing restriction is appropriate. Accordingly, Soto may not submit additional filings in this closed case without prior authorization.

## ORDER

Based on the foregoing, and on all the files, records, and submissions in this case,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Benjamin Mario Soto's Second Request/Motion for a rehearing (Doc. No. 39) is **DENIED**.

2.      Plaintiff's Third Request/Motion U.S. Constitutional Challenge (Doc. No. 43) is **DENIED**.

3.      Plaintiff's Fourth Request/Motion U.S. Constitutional Challenge (Doc. No. 45) is **DENIED**.

4.      Plaintiff's Request/Motion for a Rehearing (Doc. No. 55) is **DENIED**.

5.      Plaintiff Benjamin Mario Soto may not file additional motions or other papers in this closed action without prior leave of Court. Any future submission shall be reviewed by the Court before docketing, and any submission that seeks to relitigate matters previously resolved may be returned without further action.

Date: June 22, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge

4